**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL MAIER,** <br><br> **v.** <br><br> **CURT M. PARKINS, ESQ., and MATTHEW COMERFORD, ESQ.** | **CIVIL ACTION** <br><br> **NO. 20-2621** |

**MEMORANDUM RE MOTION TO REMAND**

**Baylson, J.**                                                                                                                          **October 7, 2020**

## I.     INTRODUCTION

Plaintiff Michael Maier brought this legal malpractice action against Defendants Curt Parkins and Matthew Comerford based on Defendants' failure to timely file a complaint on Plaintiff's behalf. The underlying action for which Plaintiff retained Defendants was a federal civil rights law suit. Defendants removed this action based on federal question jurisdiction, which they argue exists because of the underlying case. Plaintiff now seeks a remand to state court. (ECF 4, Motion to Remand "MTR.")  Defendants filed a Response in Opposition (ECF 5, "Opp'n), and Plaintiff filed a Reply (ECF 6, "Reply").  For the reasons stated below, Plaintiff's Motion to Remand will be granted. Plaintiff's Motion for counsel fees and costs associated with his Motion to Remand will be denied.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Michael Maier, was incarcerated in Bucks County Correctional Facility from approximately September 7, 2015 to September 15, 2016. (MTR 1.) After his release, Plaintiff sought to file a federal civil rights lawsuit against the prison and prison health care providers based on their failure to provide him with medical treatment based on his being transgender and for placing him in solitary confinement. (MTR 2.) Plaintiff hired Defendant Curt Parkins for purposes

1

of filing this lawsuit. (Id.) Mr. Parkins understood the statute of limitations to expire on Monday, September 17, 2018. (Id.) However, based on advice from the court clerk, Mr. Parkins mailed the complaint on the 17th, mistakenly believing that the complaint would be deemed filed on the date it was mailed. (Opp'n 3.) The complaint included claims pursuant to 42 U.S.C. § 1983 and Pennsylvania law, and was eventually dismissed as untimely. Maier v. Bucks County, No. 18-4060 (E.D. Pa. Feb. 19, 2019) (Kenney, J.).

Plaintiff brought this legal malpractice action against Mr. Parkins, and his employer Matthew Comerford, in the Court of Common Pleas of Philadelphia County. (MTR Ex. 1.) The complaint alleges only state law tort claims. (Id.) On June 4, 2020, Defendants filed a Notice of Removal on the basis that this lawsuit involves a federal question. (Opp'n 4.) The parties are not diverse. (MTR 1.) Plaintiff now seeks to remand this case and seeks counsel fees and costs associated with his Motion to Remand. See MTR.

### III. LEGAL STANDARD

#### A. Federal Question Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The asserted basis for original jurisdiction here is federal question jurisdiction pursuant to 28 U.S.C. § 1331 which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

A case can "arise under" federal law in two ways. Most obviously, "a case arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013). In Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), the Court laid out a four-part test for when a case "arises under" federal law, even if it does not assert

a federal cause of action. The Grable test states that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258. The Grable test is met in a "special and small category" of cases and "it takes more than a federal element to open the arising under door." Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699, 701 (2006).

In Gunn, the Supreme Court considered whether a legal malpractice case alleging the mishandling of a patent case "arises under" federal law within the meaning of 28 U.S.C. § 1331 and held that it did not. 568 U.S. at 253. Specifically, the Plaintiff sought to bring a legal malpractice action in federal court after his attorneys in the underlying patent case failed to argue that his patent fell under the "experimental use" exception to the "on sale" bar. Id. at 255. In the underlying patent case, the District Court had granted the Defendants' summary judgment motion, then the Plaintiff raised the argument about the "experimental use" exception for the first time in a Motion for Reconsideration. Id. at 254. The District Court found the exception argument had been waived, id. (citing Minton v. NASD, No. 9-19, 2002 U.S. Dist. LEXIS 26587 (E.D. Tex., July 15, 2002)), and the Federal Circuit affirmed, id. (citing Minton v. NASD, 336 F.3d 1373, 1379-1380 (Fed. Cir. 2003)).

The Court in Gunn applied the Grable test and stated that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of §1338(a)." Id. at 258. Further, while "such cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." Id. at 259.

With respect to the first Grable factor, the Court acknowledged that that patent law question was "necessary" to the determination of the case. Under state law, the plaintiff would have been required to prove that the result of the case would have differed had his attorneys presented the patent law argument he wished to make. Regarding the second Grable factor, the Court noted that the issue was "actually disputed" and in fact it was the "central point of dispute." Id. at 259.

Next, the Court found that the determination of the issue was not "substantial" explaining that "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim necessarily raises a disputed federal issue, as Grable separately requires." Id. at 260. Instead, the substantiality question considers "the importance of the issue to the federal system as a whole." Id. The Court found that the nature of a legal malpractice case means that the "question is posed in a merely hypothetical sense" and that allowing this type of case to proceed in state court would not interfere with "the development of a uniform body of" law because federal courts would not be bound by state court "case within the case" rulings. Id. at 261. Additionally, the Court found that "the possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law." Id. at 263.

Lastly, the Court found that the Fourth requirement of Grable was not met given "the absence of a substantial federal issue" described above, balanced against the state's interest in regulating the legal profession. Id. at 264.

### B. Fee-Shifting

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard

for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The decision to award fees "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

A "district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith." Mints v. Educational Testing Serv., 99 F.3d 1253, 1260 (3rd Cir. 1996).  Courts have "broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." Id.

**IV.   PARTIES' CONTENTIONS**

Plaintiff argues that Gunn controls the issue presented by his Motion to Remand and requires the case to be remanded to state court.  (MTR 6-7.)  Alternatively, Plaintiff argues that a federal issue is not "necessary" to the determination of his legal malpractice action within the meaning of Grable because the underlying complaint also included a claim based on state law. (MTR 18-21.)

In addition, Plaintiff argues that he is entitled to counsel fees and costs associated with his Motion to Remand pursuant to 28 U.S.C. § 1447(c) because there was no reasonable basis for removal in this case.  (MTR 26-37.)

5

Defendants argue that this case should be heard by a federal court because it involves important issues of federal law.  Specifically, they argue that because Pennsylvania law "requires the plaintiff [in a legal malpractice action] to prove that he had a viable cause of action against the party he wished to sue in the underlying case" any court hearing this case would have to address the underlying federal civil rights claim.  (Opp'n 4-5 quoting Kituskie v. Corbman, 714 A.2d 1027, 1030 (Pa. 1998).)  Defendants intend to present a defense that Plaintiff did not have a viable cause of action in the underlying case, meaning that the viability of the federal civil rights claim will be a central issue in the case.  (Opp'n 5.)

Defendants also argue that Gunn is distinguishable on the basis that the underlying case in Gunn had been previously heard by a federal court and as a result was limited to one discrete issue. (Opp'n 6.)  Defendants also distinguish Gunn on the basis that the Plaintiff sought to use federal question jurisdiction to circumvent a prior ruling by a state court, circumstances which are not present here.  (Id.)

Defendants also argue that even if the Court remands this case to state court, Plaintiff is not entitled to counsel fees and costs.  They argue that they had an objectively reasonable basis for removing this case, and that awarding attorney fees is a matter in which the Court has broad discretion.  (Opp'n 14-15.)

## V. DISCUSSION

The Court finds that Gunn is on point and the distinctions raised by Defendants are insignificant.  Defendants argue that this case is distinct from Gunn because in that case, a federal court had already addressed the underlying federal patent case, and the legal malpractice case was based on a discrete issue of patent law.  This distinction is immaterial.  The issue of whether the experimental use exception applied in Gunn was an issue solely of federal law that would need to

be addressed in Plaintiff's legal malpractice case, but the Supreme Court held that this was not enough to warrant federal question jurisdiction. The issue of whether the exception applied was not "substantial" because any decision of the court in the malpractice case on the patent issue would be hypothetical. The fact that other federal issues had already been decided, and that the federal question was relatively limited, was not a basis for Gunn's holding that the patent issue did not present a "substantial" issue of federal law when presented in a malpractice case.

Defendants also argue that Gunn is distinct because in that case the Plaintiff sought federal jurisdiction in order to avoid a prior state court ruling. However, this alleged bad faith in seeking federal jurisdiction is not at all relevant to the Grable analysis, and Gunn did not mention it as a reason why federal jurisdiction did not exist.

As in Gunn, the only federal issue here is the consideration of whether there was a viable cause of action in the underlying federal case. Also, as in Gunn, any court to address this issue would be doing so only hypothetically, which the Gunn Court clearly explained does not meet the third and fourth Grable requirements. It is not necessary to reach Plaintiff's argument that the first Grable requirement is also not met.

With respect to costs, the Court finds that Defendants made a rational, yet unconvincing, attempt to distinguish Gunn which constitutes a "reasonable basis" for seeking removal. Therefore, the Court will not award Plaintiff counsel fees and costs related to this Motion.

## VI.    CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand this matter to the Philadelphia County Court of Common Pleas will be granted. Plaintiff's Motion for costs and counsel fees related to this Motion to Remand will be denied. An appropriate Order follows.